UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

RECEIVED
2006 MAR 24  A 10: 54

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | |
|---|---|
| ADAMS BROS. PRODUCE CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE; and LENA FREEMAN, an individual, <br><br> Defendants. | Case No.: <br><br><br><br> CIVIL ACTION COMPLAINT <br><br> 1:06CV269-mht |

For its complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1. The Plaintiff is Adams Bros. Produce Co., Inc. ("Adams Bros."), an Alabama corporation with its principal place of business located at 302 Finley Avenue W., Birmingham, Alabama.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. The Defendants are:

   a. Danny Clinton Freeman d/b/a Danny's Produce (the "Debtor" or "Danny's Produce"). Upon information and belief, Danny Clinton Freeman is an individual doing business as Danny's Produce with its principal place of business located at 706 E. Lawrence Harris Highway, Slocomb, Alabama. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §

499a-499q (the "PACA"); and

  b. Lena Freeman, an individual. Upon information and belief, Lena Freeman is a resident of Slocomb, Alabama.

4. Danny's Produce and Lena Freeman will be collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT DANNY'S PRODUCE

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7. Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8. At all times relevant to this action, Danny's Produce was a commission merchant, dealer or broker operating subject to the provisions of the PACA.

9. From November 26, 2005 and January 12, 2006, Plaintiff sold to Danny's Produce in interstate commerce, and Danny's Produce purchased from Plaintiff, Produce in the total amount of $39,597.95.

10. Plaintiff delivered the produce to Danny's Produce and Danny's Produce accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Danny's Produce's receipt of the Produce, Danny's Produce became trustee of the PACA trust for the benefit of Plaintiff in the amount of $39,597.95. The PACA trust consists of all Danny's Produce's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

12. Plaintiff gave written notice of intent to preserve trust benefits to Danny's Produce in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Danny's Produce.

13. Danny's Produce failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Danny's Produce's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Danny's Produce with valid PACA trust claim in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

### DEFENDANT DANNY'S PRODUCE

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)(5)

16. Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17. Danny's Produce is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Danny's Produce failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA trust assets.

19. As a direct result of Danny's Produce's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Danny's Produce to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

### DEFENDANT DANNY'S PRODUCE

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA
### TRUST ASSETS AND CREATION OF COMMON FUND
### 7 U.S.C. §499b(4)

21. Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22. Danny's Produce received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Danny's Produce, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Danny's Produce has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26. As a direct result of Danny's Produce's failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Danny's Produce to maintain PACA Trust Assets equal to the sum of $39,597.95, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Danny's Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Danny's Produce from dissipating PACA Trust Assets.

## COUNT IV

### DEFENDANT DANNY'S PRODUCE

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29. Danny's Produce received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full

payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Danny's Produce failed to pay these invoices within the payment terms.

32. As a direct result of Danny's Produce's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Danny's Produce to immediately pay Plaintiff the sum of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT DANNY'S PRODUCE

## BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35. Plaintiff and Danny's Produce entered into contracts under which Plaintiff agreed to sell the Produce and Danny's Produce agreed to purchase the Produce, each of which is described in paragraph 9 above.

36. Danny's Produce breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Danny's Produce's breach of contract, the Plaintiff has incurred damages in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Danny's Produce in the amount of $39,597.95, plus interest from the date each invoice

became past due, costs and attorneys' fees.

## COUNT VI

### DEFENDANT DANNY'S PRODUCE

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40. Upon information and belief, the Debtor converted PACA trust assets to his personal use.

41. These transfers of PACA Trust Assets were made in breach of the PACA trust.

42. The Debtor continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for Plaintiff's beneficial interest in the PACA Trust.

43. As a direct result of the Debtor's receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

44. Accordingly, Plaintiff seeks entry of an Order requiring the Debtor to disgorge and transfer any and all PACA Trust Assets that come into his possession and control to Plaintiff to the extent of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### DEFENDANT DANNY'S PRODUCE

### FRAUDULENT TRANSFER
### Code of Ala. §8-9A-1 et. seq. (2005)

45. Plaintiff re-alleges paragraphs 1 through 44 as if stated herein.

46. Upon information and belief, Danny's Produce transferred its assets to the Debtor and to other unknown third parties.

47. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries' arose.

48. These transfers were made to or for the benefit of insiders of Danny's Produce on antecedent debts and were made without consideration.

49. Danny's Produce was insolvent at the time of these transfers.

50. At the time of these transfers, the recipients had reasonable cause to believe that Danny's Produce was insolvent.

51. These transfers were fraudulent transfers as proscribed by Alabama's Uniform Fraudulent Transfers Act, Code of Ala. §8-9A-1 et. seq. (2005).

52. Accordingly, Plaintiff seeks entry of an Order, as provided by Code of Ala. §8-9A-7, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### DEFENDANT LENA FREEMAN

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

53. Plaintiff re-alleges paragraphs 1 through 52 as if stated herein.

54. Upon information and belief, Danny's Produce transferred PACA Trust Assets to Defendant Lena Freeman and others.

55. These transfers of PACA Trust Assets were made in breach of the PACA trust.

56. Defendant Lena Freeman continues to hold any and all PACA Trust Assets having come into her possession as trustee for Plaintiff's beneficial interest in the PACA Trust.

57. As a direct result of Defendant Lena Freeman's receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

58. Accordingly, Plaintiff seeks entry of an Order requiring Defendant Lena Freeman to disgorge and transfer any and all PACA Trust Assets that come into her possession and control to Plaintiff to the extent of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Danny's Produce with a valid PACA trust claim in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees;

B) As to Count II, directing Danny's Produce to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees;

C) As to Count III, directing Danny's Produce to maintain PACA Trust Assets equal to the sum of $39,597.95, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Danny's Produce from

dissipating PACA Trust Assets and directing Danny's Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D) Enter Final Judgment in favor of Plaintiff and against Danny's Produce on Counts I through V, in the amount of $39,597.95, plus interest from the date each invoice became past due, costs and attorneys' fees;

E) As to Count VI, requiring the Debtor to disgorge and transfer any and all PACA Trust Assets that came into his possession and control to Plaintiff in the amount of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

F) As to Count VII, pursuant to Code of Ala. §8-9A-7, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

G) As to Count VIII, requiring the Defendant Lena Freeman to disgorge and transfer any and all PACA Trust Assets that came into her possession and control to Plaintiff in the amount of $39,597.95, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 24th day of March, 2006.

OF COUNSEL:
**MEUERS LAW FIRM, P.L.**
Katy L. Koestner, Esq.
Florida Bar No. 0159484/Illinois Bar No. 6270092
5395 Park Central Court
Naples, Florida  34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
kkoestner@meuerslawfirm.com

**CAPELL & HOWARD, PC**

By: *[signature]*
Christopher W. Weller, Esq. (WEL030)
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102
Telephone:  (334) 241-8066
Facsimile:  (334) 241-8266
cww@chlaw.com

X:\docs\Danny's Produce\pleadings\complaint.doc