UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | |
|---|---|
| ADAMS BROS. PRODUCE CO., INC., <br><br>Plaintiff, <br><br>vs. <br><br>DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE; and LENA FREEMAN, an individual, <br><br>Defendants. | Case No.: <br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER <br><br>1:06CV269-T |

Plaintiff, Adams Bros. Produce Co., Inc. (the "Plaintiff"), submit this, its Memorandum in support of an Ex Parte Motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), and its Motion For Preliminary Injunction pursuant to Rule 65(a). Submitted herewith in support of Plaintiff's motion is the sworn Affidavit of Carl Adams, III, President and Treasurer of Plaintiff Adams Bros. Produce Co., Inc., along with the Certification of applicant's attorney as to why notice is not required.

## I. INTRODUCTION

Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

Defendant Danny Clinton Freeman an individual doing business as Danny's Produce (the "Debtor" or "Danny's Produce"), upon information and belief, maintains his principal place of business in Slocomb, Alabama and is and was at all times pertinent herein, a dealer and commission merchant and subject to the provisions of the Perishable Agricultural Commodities Act ("PACA").

Page 1

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5).

## II.   THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play ... and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F. 3d 132 (3rd Cir. 2000). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. *Id.* The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR § 46.46(e)(i).

Page 2

## II. ENTITLEMENT TO TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a Temporary Restraining Order may be issued without notice:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicants' attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In seeking relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff relies exclusively upon the Affidavit of Carl Adams, III, President and Treasurer of Affidavit of Carl Adams, III, President and Treasurer of Plaintiff Adams Bros. Produce Co., Inc.. This affidavit demonstrates clearly that:

a) **Plaintiff has not been paid for $39,597.95 worth of produce that it sold to Defendant Danny's Produce. See Affidavit of Carl Adams, III, ¶9 filed contemporaneously herewith.**

b) **The Defendant has failed to tender any payment since November of 2005. *Id.*, at 11.**

c) **The Debtor has told that Plaintiff that, although he wants to pay, financial difficulties, including a divorce, prevent him from tendering payment to Adams Brothers. *Id.* at ¶¶12, 13.**

All of this evidence indicates that the Defendant Danny's Produce is in severe financial jeopardy and the PACA trust assets are being threatened with dissipation. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990).

The giving of notice will only provide Defendant with advance warning that an order may be entered, thereby giving time to Defendant to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order. Thus, a further loss of trust assets would result if there is notice. Since it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, *J.R. Brooks & Son, Inc. v. Norman's Country Market Inc*, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to Plaintiffs and other trust creditors would be irreparable. *Continental Fruit v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc*, 751 F. Supp. 64 (W.D. Pa. 1990). Furthermore, a prompt hearing will be held on Plaintiff's Motion for Preliminary Injunction, and Defendant can file an immediate application to dissolve the Temporary Restraining Order under Rule 65(b).

Caselaw supports Plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 at 159 ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

The foundational principle for preliminary relief is that "it is a sound idea to maintain the *status quo ante litem*, provided that it can be done without imposing too excessive an interim burden upon the defendant." *Blackwelder Furniture Company v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189, 195 (4th Cir. 1979). *See also, Federal Leasing, Inc. v. Underwriters at Lloyd's*,

650 F.2d 495, 499 (4th Cir.1981). The standard for granting injunctive relief in the Eleventh Circuit requires the moving party to show: (1) substantial likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) the benefits of the injunction outweigh the harm to defendants; and (4) the issuance of the injunction will not harm the public interest. *All Care Nursing Service, Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535 (11th Cir. 1989); *Zardui-Quintana v. Richard*, 768 F.2d 1213 (11th Cir. 1985); *Callaway v. Block*, 763 F. 2d 1283, 1287 (11th Cir. 1985); *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Harris Corp. v. National Iranian Radio and Television*, 691 F.2d 1344 (11th Cir. 1982). Always, of course, the public interest should be considered. *Blackwelder*, 550 F.2d at 196.

There are also a number of unreported cases from the Eleventh Circuit supporting the issuance of temporary restraining orders without notice to halt dissipation of trust assets. *See* Orders issued by United States District Courts in the Eleventh Circuit, attached hereto as Composite Exhibit A: *Global Harvest, Inc. v. Downtown Farmers Market, Inc., et al.*, Case No. 97-0830 (N.D. Ala., April 8, 1997); *Horizon Marketing, Inc. et al. v. Bert Miller d/b/a Bert's Tomato & Banana Co.*, Case No. 98-1111 (S.D. Ala., November 6, 1998); *Mecca Farms, Inc. v. Coastal Banana & Tomato Co., Inc. et al.*, Case No. 93-0694 (S.D. Ala., August 24, 1993); *Pacific Intl. Marketing, Inc., et al. v. Murph Bros., Inc., et al.*, Case No. 05-633 (M.D. Fla., April 1, 2005); and *Pitman & Sons, Inc. v. Gourmet Garden of Central Florida, Inc., et al.*, Case No. 05-517 (M.D. Fla., April 6, 2005).

The facts in this case show that Plaintiff is entitled to the requested relief.

A.   **LIKELIHOOD OF SUCCESS ON THE MERITS.**

Plaintiff's affidavit demonstrates that Plaintiff is owed for non-payment of produce and has properly preserved its trust claim in the amount of $39,597.95 as required under the PACA and implementing regulations. Defendant has no defense to these claims under the PACA. Accordingly, Plaintiff will almost certainly prevail in any hearing on the merits of its claim.

B.   **IRREPARABLE HARM.**

In cases interpreting the rights of PACA creditors, courts in other jurisdictions have recognized that, without injunctive relief, Plaintiffs faced with an insolvent debtor will receive neither the trust assets, nor the proceeds of such assets. *See Gullo Produce*, 751 F. Supp. at 67. This has been found to constitute irreparable harm. *Id.; See also Frio Ice*, 918 F.2d at 159 ("[t]he legislative history [of the PACA] noted that once the trust is dissipated it is almost impossible for the beneficiary to obtain recovery"). A moving party need only show actual dissipation or the threat of dissipation of the PACA trust in order to obtain injunctive relief and a segregation of the trust proceeds. *Frio Ice*, 918 F.2d at 159, n. 8. In fact, numerous Courts have found that actual or threatened dissipation of a PACA trust constituted irreparable harm because under those circumstances, money damages are not an adequate remedy. *See, e.g., Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000) (holding that PACA trust dissipation constitutes irreparable harm); *Continental Fruit Co. v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449, 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive relief, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); *Gullo Produce Co. v. A.C. Jordan Produce Co.*, 751 F. Supp. 64, 67 (W.D. Pa. 1990) (concluding that plaintiffs "have suffered and will continue to suffer immediate and irreparable harm if the defendant is not restrained from using or

otherwise dissipating the trust assets" when the defendant's insolvency precluded recovery).

In the instant case, injunctive relief will force Defendant to cease dissipation of the PACA trust, prevent non-trust creditors from obtaining trust assets ahead of the trust's beneficiaries as well as other produce creditors not entitled to remedies under the PACA, and require Defendant to return the trust to a fully-funded level sufficient to satisfy the claims of qualified beneficial interests in full. In short, it will force Defendant to comply with the law. Because it is virtually impossible to recover trust assets once they have been dissipated, the loss to Plaintiff and other trust creditors is irreparable.

C.     **BALANCING OF HARM.**

The Defendant cannot be harmed by the issuance of an injunction because the relief Plaintiff seeks is merely to force the Defendant to comply with its pre-existing obligations under federal law - that is, to preserve the PACA trust assets for the benefit of PACA beneficiaries and make "full payment promptly" on all produce related invoices. On the other hand, the risk of harm to Plaintiff is great if Defendant is allowed to further dissipate trust assets. As stated above, numerous courts have recognized the fact that once the PACA trust assets are dissipated, an unpaid trust claimant in Plaintiff's position is extremely unlikely to recover any portion of its beneficial interest in the trust, a result contrary to the express purpose of the statute.

D.     **PUBLIC INTEREST.**

The strong preference for PACA trust creditors, which Congress expressed in the 1984 trust amendments to the PACA, clearly demonstrates the public interest at stake in this case. These safeguards were established in order to assure payment to the producers of perishable agricultural products. There can scarcely be a more vital public concern than the economic security of this nation's food supply. This supply and distribution chain consists of the very same

growers, producers and distributors, which Congress sought to protect by enacting this legislation. To deny Plaintiff the requested relief would be to erode the protection Congress guaranteed these parties by passing the PACA and the regulations promulgated thereunder. Therefore, the requested injunction is clearly in the public interest.

The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Case law supports Plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. *Frio Ice*, 918 F.2d at 159 ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990).

The facts in this case show that Plaintiff is entitled to the requested relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that its Ex-Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction should be granted.

Respectfully submitted this 24th day of March, 2006.

| | |
|---|---|
| OF COUNSEL:<br>**MEUERS LAW FIRM, P.L.**<br>Katy L. Koestner, Esq.<br>Florida Bar No. 0159484/Illinois Bar No. 6270092<br>5395 Park Central Court<br>Naples, Florida  34109<br>Telephone: (239) 513-9191<br>Facsimile:  (239) 513-9677<br>kkoestner@meuerslawfirm.com | **CAPELL & HOWARD, PC**<br>By: _/s/ Christopher W. Weller_<br>Christopher W. Weller, Esq. (WEL030)<br>150 South Perry Street (36104)<br>Post Office Box 2069<br>Montgomery, Alabama 36102<br>Telephone:  (334) 241-8066<br>Facsimile:  (334) 241-8266<br>cww@chlaw.com |