# EXHIBIT "A"

FILED

2005 Aug-11  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SIRMON PRODUCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.  CV-05-S-1700-NE** |
| | ) | |
| **CARROLL DOUGLAS HAYNES,** | ) | |
| **an individual doing business as** | ) | |
| **ARROWHEAD FARMS; and** | ) | |
| **KATHY BARNES HAYNES;** | ) | |
| | ) | |
| **Defendants.** | ) | |

### TEMPORARY RESTRAINING ORDER

Plaintiff, Sirmon Produce, Inc., is engaged in the business of buying and selling

wholesale quantities of perishable agricultural commodities in interstate commerce.

It invokes the jurisdiction of this court under the Perishable Agricultural

Commodities Act of 1930, 7 U.S.C. § 499a *et seq.* ("PACA"), and seeks the issuance

of an *ex parte* temporary restraining order for the purpose of enforcing the statutory

trust established by 7 U.S.C. § 499(c)(2).

Such relief may be granted only if:  (1) it clearly appears from specific facts

shown by affidavit or verified complaint that immediate and irreparable injury, loss,

or damage will result before the adverse party can be heard in opposition; and (2) the

applicant's attorney certifies the reasons that notice should not be required. *See* Fed.

R. Civ. P. 65(b). Further, the applicant must: (1) demonstrate a substantial likelihood of ultimately prevailing on the merits; (2) establish that it will suffer irreparable harm if an injunction maintaining the status quo *pendent lite* is not issued; (3) show that the threatened injury to plaintiff outweighs whatever damage the proposed injunction may cause the opposing parties; and (4) prove that an injunction will not be adverse to the public interest. *Cf., e.g., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Florida Chapter of the Association of General Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). *See generally* 11A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2948, at 131-33 (2d ed. 1995).

Upon consideration of the pleadings, the memorandum and certification of counsel, and the affidavit of James Sirmon, President of Sirmon Produce, Inc.,[1] it clearly appears that plaintiff has satisfied all of the foregoing requirements. Sirmon Produce, Inc., is a dealer in perishable agricultural commodities ("produce") and a trust creditor of defendant Carroll Douglas Haynes, an individual doing business as "Arrowhead Farms." Plaintiff has not been paid for produce supplied to defendant as required by PACA. The aggregate amount owed for such produce is $157,965. It further appears that defendant is in severe financial jeopardy, and that PACA trust

---

[1] *See* doc. nos. nos. 1 (complaint), 3 (motion) 5 (memorandum), 6, Attach. 1 (certification), and 7 (affidavit).

assets are being dissipated or threatened with dissipation, *see Frio Ice v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990), and that defendant is not or may not be in a position to pay creditor's claims, *see JSG Trading Corporation v. Tray-Wrap, Inc.*, 917 F.2d 75 (2d Cir. 1990), thereby warranting the relief requested by plaintiff. On the basis of the pleadings, the affidavit, and other submissions filed by plaintiff, it appears plaintiff will suffer immediate and irreparable injury due to said defendant's dissipation of plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c), and that such dissipation will continue in the absence of injunctive relief.

Further, the court finds that, if notice is given to defendant Carroll Douglas Haynes of the pendency of this action and motion for temporary injunctive relief, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S.C.C.A.N. 405, 411. *See also J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50-51 (Bkrtcy. N.D. Fla. 1989). Entry of a temporary restraining order without notice assures retention of the trust assets under the control of this court, which is specifically vested with jurisdiction over the trust created by operation of law. 7 U.S.C. § 499e(c)(5).

3

Based upon the foregoing, therefore, it is **ORDERED**, **ADJUDGED**, and **DECREED** that defendant **Carroll Douglas Haynes**, an individual doing business as "Arrowhead Farms," together with his agents, servants, employees, officers, attorneys, subsidiaries, assigns, and any other person, firm, association, organization, partnership, business trust, joint stock company, corporation, or legal entity acting in concert with him, directly or indirectly — *and specifically including defendant* **Kathy Barnes Haynes** and the entity known as "Arrowhead Farms," **and**, *any banking, savings and loan, or other financial institution at which either defendant may maintain any checking, savings, or other accounts, regardless of how such accounts or deposits may be described*— be, and they hereby are, restrained and enjoined from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of PACA without agreement of plaintiff, or further order of this court. The assets subject to this order include perishable agricultural commodities received in all transaction, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. *See* 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b). Notwithstanding the foregoing, Carroll Douglas Haynes, doing business as "Arrowhead Farms," may sell perishable agricultural commodities or products derived therefrom for fair compensation,

4

without right of set-off, but only upon the condition that he maintain the proceeds of such sale subject to this order and in accordance with the PACA trust.

This order shall be binding upon the parties to this action, and all other persons, entities, or financial institutions who or which receive actual notice of the order by personal service or otherwise.

In view of the facts that defendants now hold $157,965 in PACA trust assets that are the property of Sirmon Produce, Inc., and that this Order merely requires defendants to obey the requirement of federal law, plaintiff shall be required to post only a nominal bond, in the form of cash or surety satisfactory to the Clerk, in the amount of Two Hundred Fifty Dollars ($250.00).

It is further **ORDERED** that plaintiff shall *forthwith* cause copies of this temporary restraining order and all pleadings to be personally served upon defendants Carroll Douglas Haynes and Kathy Barnes Haynes at any place they may be found, and make due return to this court of the date, time, place, and manner of such service.

It is further **ORDERED** that, following service upon either defendant, the parties may proceed immediately with discovery, and that all periods of time specified in the Federal Rules of Civil Procedure for responding to written interrogatories, requests for admission, requests for production of documents and things, notices of depositions upon oral examination, or requests for entry upon designated land or

5

other property in the possession or control of defendants for the purpose of inspecting, photographing, testing, or sampling the property or any designated object or operation thereon, is shortened to forty-eight (48) hours from service of such discovery request or notice.

It is, finally, **ORDERED** that a **hearing on plaintiff's application for preliminary injunctive relief** commence in the **United States Courthouse** located at **101 Holmes Avenue** in **Huntsville, Alabama**, at **9:30 o'clock a.m.** on **Friday, August 19, 2005**, and that such hearing continue from day-to-day until concluded.

**DONE** and **ORDERED** this 11th day of August, 2005, at ___*11:50*___ o'clock a.m.

_____
United States District Judge

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

GLOBAL HARVEST, INC.

    Plaintiff

    v.

DOWNTOWN FARMERS MARKET, INC.,
et al.

    Defendants

:
:
:
:
:
:
:
:
:
:

Case No. CV-97-AR-0830-S

FILED

97 APR -8 PH 1:53

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

APR 8 1997

### TEMPORARY RESTRAINING ORDER

This matter is before the Court upon plaintiff's Motion for Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the affidavit of Thomas M. Kern that plaintiff is a produce dealer and creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $36,825.60 supplied to defendants, as required by the PACA. It is also clear that the corporate defendant is in severe financial jeopardy and the PACA trust assets

1

are being threatened with dissipation *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154 (11th Cir. 1990).

If notice is given to defendant of the pendency of this motion, trust assets will be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.,* 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without Notice assures retention of the trust assets under the control of the Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicants' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Northern District of Alabama

ORDERED, ADJUDGED AND DECREED that the corporate defendant, its agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of the defendant company, or its subsidiaries or related companies, without agreement of the parties or until further order of this Court; and it is further

2

19

ORDERED that defendants shall, within two (2) business days of service of this Order, file with this Court, with a copy to plaintiff's counsel, a notice of compliance with this Order.

Plaintiffs shall post a nominal bond in the form of cash or surety in the amount of $250.00.

This Temporary Restraining Order is entered this ___8th___ day of ___April___, 1997, at _1:40_ _p_.m.  A hearing on plaintiff's motion for preliminary injunction is set for the _11th_ day of ___April___, 1997, at _1:30_ _p_.m.  Plaintiff shall forthwith serve the corporate defendant, or its counsel, with a copy of this Order.

_____
United States District Judge

**3**

20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

HORIZON MARKETING, INC.;
PANAMA BANANA DISTRIBUTING CO.,
INC.

          Plaintiff

     v.

BERT MILLER d/b/a
BERT'S TOMATO & BANANA CO.

          Defendant

Case No. **98-1111-CB-C**

U.S. DISTRICT COURT
SO. DIST. AL.
MOBILE DIVISION

Nov 6  11 41 AM '98

FILED IN CLERK'S OFFICE

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon plaintiffs' Motion for Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the affidavits of Brian B. Frost and Todd J. Pappas that plaintiffs are produce dealers and creditors of defendant Bert Miller d/b/a Bert's Tomato & Banana Co. under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $62,909.23 supplied to said defendant, as required by the PACA. It is also clear that the defendant is in severe financial jeopardy and the PACA trust assets are being threatened

1

with dissipation Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). Based upon the affidavits of Brian B. Frost and Todd J. Pappas and the certification of counsel, it appears that the defendant is not or may not be in a position to pay creditors' claims. JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990).

The affidavits of Brian B. Frost and Todd J. Pappas and the certification of counsel also establish that the defendant has either dissipated the PACA trust or has presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavits and other submissions the plaintiffs have filed in this matter, it appears the plaintiffs will suffer immediate and irreparable injury due to said defendant's dissipation of plaintiffs' beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without Notice assures retention of the trust assets under the control of the Court which is specifically vested with jurisdiction over the

trust. 7 U.S.C. §499e(c)(4). In accord with Rule 65(b)(2), the applicants' attorneys have certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiffs will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of Alabama,

ORDERED, that the defendant, its agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any PACA trust assets, including personal assets, without agreement of the parties or until further order of this Court or until the defendant pays Horizon Marketing, Inc. and Panama Distributing Co., Inc. the total sum of $62,909.23 by cashiers check or certified check. Under §499e(c)(2) of PACA, trust assets include perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, and it is further

ORDERED, that this Order shall be binding upon the parties to this action, their officers, agents, employees, banking institutions, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise, and it is further

ORDERED that bond shall be waived in view of the fact that the defendant now holds $62,909.23 of PACA trust assets which is the

2

plaintiff's property and that this Order merely requires the defendant to obey the requirements of federal law.

This Temporary Restraining Order is entered this 6th day of _November_, 1998, at 10:35 **A**.m. A hearing on plaintiff's motion for preliminary injunction is set for the 16th day of _November_, 1998, at 3:00 p.m. Plaintiff shall forthwith serve the defendant, by personal service or otherwise, with a copy of this Order.

UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

MECCA FARMS, INC.,                    )
                                      )         AUG 24  2 07 PM '93
        Plaintiff,                    )
                                      )         FILED
versus                                )
                                      )         Case No. 93-0694-T-M
COASTAL BANANA & TOMATO CO., INC.,    )
    et al.                            )
        Defendant.                    )

### TEMPORARY RESTRAINING ORDER

This matter is before the Court upon plaintiffs' Motion for Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if it clearly appears from specific facts shown by affidavit or verified complaint that: 1) immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the affidavit of Gary Smigiel that plaintiff is a produce dealer and a creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid, as required by the PACA, for produce in the amount of $36,936.00 supplied to defendants. It is also clear that defendants are experiencing severe financial difficulty and the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).

If notice is given to defendants of the pendency of this motion, trust assets will be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without Notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of Alabama,

ORDERED, ADJUDGED AND DECREED that defendants, their agents, officers, subsidiaries, and assigns, shall not alienate, dissipate, pay over or assign any assets of the defendant corporation covered by the trust or its subsidiaries or related companies until further order of this Court; and it is further

ORDERED that defendants shall, within five (5)[1] business days of service of this Order, file with this Court notice of compliance with this Order and a certified list identifying its assets, liabilities and each of its accounts receivable; and it is further

---

[1] August 31, 1993.

ORDERED that defendants shall supply to plaintiff's attorney, at his request, within eight (8) days of the date of a written request, any and all documents in connection with the assets and liabilities of defendant and its related and subsidiary companies, such as, but not limited to, balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and tax returns.

Plaintiff shall post a nominal bond in the form of cash or surety in the amount of $500.00.

This Temporary Restraining Order is entered this 24th day of August, 1993, at ___2:00___ p.m.  A hearing on plaintiff's motion for preliminary injunction is set for the 3rd day of September, 1993, at 10:00 a.m.  Plaintiff shall forthwith serve defendants and their counsel, if known, with a copy of this Order.


_____
Daniel H.  Thomas
U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA 06

| | |
|---|---|
| EVANS FRUIT COMPANY, INC. ) | Case No.: |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | TEMPORARY RESTRAINING ORDER |
| ) | |
| OCEAN VIEW PRODUCE, INC., *et. al* ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court upon Plaintiff's, Evans Fruit Company, Inc.

("Evans" or "Plaintiff"), Ex-Parte Motion for Temporary Restraining Order pursuant to

Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary

restraining order may be granted without notice to the adverse party only if: (1) it clearly

appears from specific facts shown by Declaration or verified complaint that immediate

and irreparable injury, loss or damage will result before the adverse party can be heard in

opposition, and (2) the applicant's attorney certifies the reasons that notice should not be

required.

In this case, it clearly appears from the Declaration of Jeannette Evans,

Secretary/Treasurer for Evans, that Plaintiff is a produce dealer and trust creditor of

Defendant, Ocean View Produce, Inc. ("Ocean View"), under Section 5(c) of the

Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c) (the

"PACA"), and has not been paid for produce in the total amount of $80,206.25 supplied to

said Defendant as required by the PACA. It is also clear from the same Declaration and

the certification of counsel that said Defendant is in severe financial jeopardy and the

PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v.
Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that the Defendant is not or may not be in
a position to pay the creditors' claims (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75
(2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.

On the basis of the pleadings, Declaration and other submissions Plaintiff has filed
in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said
Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created
pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of
injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining
Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be
further threatened with dissipation before the motion is heard. As noted in the legislative
history of PACA, once dissipation has occurred, recovery of trust assets is all but
impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code
& Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98
B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the
trust assets under the control of this Court which is specifically vested with jurisdiction
over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney
has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust
creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust
assets unless this order is granted without notice.

Therefore, it is, by the United States District Court for the Southern District of Florida,

**ORDERED:**

1.      Defendant, Ocean View Produce, Inc., its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, Evans Fruit Company, Inc., or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of Ocean View Produce, Inc.'s assets unless Ocean View Produce, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however,    Ocean View Produce, Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Ocean View Produce, Inc. maintains the proceeds of such sale subject to this Order.

2.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.      Plaintiff shall not be required to post or give any security in view of the fact that Defendants now hold $80,206.25 of PACA trust assets which belong to Plaintiff and

that this Order merely requires said Defendants to obey the requirements of the PACA.

This Temporary Restraining Order is entered this _17_ day of _March_ , 2006, at

_2:45 p_.m.  A hearing on Plaintiff's motion for preliminary injunction is set for the _23rd_

day of _March_ , 2006 at _11:00 A_.m.  Plaintiff shall forthwith serve Defendants, or

their resident agent, or their counsel, with a copy of this Order.

　　　DONE and ORDERED, this _17_ day of March, 2006 at Miami, Florida.


　　　　　　　　　　　　　　　_Wm M Hoeveler_
　　　　　　　　　　　　　　　**United States District Judge**
　　　　　　　　　　　　　　　**Southern District of Florida**

UNITED STATES DISTRICT COURT **05 - 23277**
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIV-UNGARO-BENAGES

CASE NO.:

MAGISTRATE JUDGE
O'SULLIVAN

AGAVE IMPORTS, INC.,

    Plaintiff,

vs.

L.D.E. WHOLESALE
DISTRIBUTORS, INC.; and
EDUARDO F. LOPEZ;

    Defendants.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Affidavits of Rachel Badilla and Alejandro Badilla that Plaintiff Agave Imports, Inc. is a produce dealer and trust creditor of Defendant L.D.E. Wholesale Distributors, Inc. ("L.D.E. Wholesale") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C.

Page 1

§499e(c), and has not been paid for produce in the total amount of $35,944.70 supplied to said Defendant as required by the PACA. It is also clear from the same affidavit and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.    On the basis of the pleadings, affidavit and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord

Page 2

with Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Southern District of Florida

**ORDERED:**

1.     Defendant L.D.E. Wholesale Distributors, Inc. ("L.D.E. Wholesale"), its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Eduardo F. Lopez are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of L.D.E. Wholesale unless L.D.E. Wholesale can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, L.D.E. Wholesale may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off,

Page 3

on the condition that L.D.E. Wholesale maintains the proceeds of such sale subject to this Order.

2.     This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.     The $35,944.70 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4.     This Temporary Restraining Order is entered this _21_ day of December, 2005, at _5:00_ ☐ a.m. ☒ p.m.

5.     A hearing on Plaintiff's Motion for Preliminary Injunction ~~is set for the~~ will be set by the Hon. John O'Sullivan, United States Magistrate Judge. ~~_____ day of December, 2005, at _____ ☐ a.m. ☐ p.m.~~

6.     Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

DONE and ORDERED, this _21_ day of December, 2005 at Miami, Florida.

United States District Judge
Southern District of Florida

Page 4