UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

RECEIVED
2006 MAR 24 A 10: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| ADAMS BROS. PRODUCE CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE;<br><br>Defendants. | Case No.:<br><br>AFFIDAVIT OF CARL ADAMS, III IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>1:06CV269-T |

STATE OF ALABAMA         )
                         ) ss:
COUNTY OF JEFFERSON      )

I, Carl Adams, III, being duly sworn, depose and state as follows:

1. I am the President and Treasurer of Adams Bros. Produce Co., Inc. ("Adams Bros.") and, in such capacity, file this Affidavit in support of Plaintiff's Motion for Temporary Restraining Order ("TRO") against the Defendant Danny Clinton Freeman, an individual doing business as Danny's Produce ("Danny's Produce" or the "Defendant").

2. I am authorized to make this Affidavit and am competent to testify at trial regarding the statements made in this Affidavit.

3. Plaintiff, Adams Bros., seeks a Temporary Restraining Order ("TRO") in this matter to preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499q, as

*Affidavit of Carl Adams, III In Support of Motion For Temporary Restraining Order*

amended (1984 & Supp. 1995) (the "PACA"). The PACA trust assets are now in the Defendant's possession and control.

## ACCOUNT HISTORY

4. Adams Bros. is a PACA licensee (PACA License No. 19184651.0).

5. Adams Bros. sold perishable agricultural commodities (hereinafter "Produce") to Danny's Produce as described in the chart included with attached Composite Exhibit "A." As reflected on the chart, Danny's Produce received and accepted the Produce and no adjustments have been made on the invoice amount except as listed. This chart uses the following terms, which shall have the following described meaning:

   A. **Invoice Number** refers to the number under which the commodity was sold to Danny's Produce.

   B. **Date of Transaction** refers to the date, which begins the payment term between Adams Bros. and Danny's Produce.

   C. **Date of Shipment** refers to the date Produce was delivered to Danny's Produce.

   D. **Invoice Amount Due** refers to the total amount owed and remaining unpaid, regardless of whether the particular invoice amount qualifies for trust protection.

   E. **Trust Amount** refers to the amount owed and remaining unpaid which is entitled to trust protection due to Adams Bros.' satisfaction of the applicable PACA regulations.

6. Included in Composite Exhibit "A" are true and accurate copies of all the invoices that contained the statutory trust language.

Page 2

*Affidavit of Carl Adams, III In Support of Motion For Temporary Restraining Order*

7. Each invoice was properly addressed and mailed to Danny's Produce via U.S. Mail, postage pre-paid, in the ordinary course of business as indicated on each invoice included with Exhibit "A."

8. The Produce Adams Bros. sold to Danny's Produce consisted of various fresh fruits and vegetables, all of which were shipped in interstate commerce and, accordingly, subject to the provisions of the PACA.

9. Danny's Produce has not paid the invoices and, upon information and belief, Danny's Produce does not have sufficient funds to fully satisfy Adams Bros.' PACA trust claim in full, as required under the PACA. This dissipation of the trust is most commonly due to Danny's Produce's diversion of the PACA trust assets to the claims of other creditors which are subordinate to the PACA trust claims such as Adams Bros. or to Danny's Produce's Principals' own personal use.

## EVIDENCE OF TRUST DISSIPATION

10. Beginning with Danny's Produce's inability to satisfy Adams Bros.' PACA trust claims, I on behalf of Adams Bros., began investigating Danny's Produce's financial position. All of the information I have discovered concerning the financial status of Danny's Produce has led me to believe that Danny's Produce owes considerable sums to other Produce suppliers who are asserting qualified PACA trust claims and who are experiencing similar problems with collections from Danny's Produce.

11. The last payment received from Danny's Produce was in November of

*Affidavit of Carl Adams, III In Support of Motion For Temporary Restraining Order*

2005.

12. Since that time, I have called Danny's Produce a number of times over the course of the past few months in an effort to obtain payment.

13. Although Mr. Freeman indicated that he wanted to pay, he has mentioned financial difficulties, including a divorce, which prevent him from tendering payment to Adams Brothers.

14. Those statements, coupled with the Defendant's failure to pay, leads to me to conclude that Danny's Produce has failed to maintain sufficient trust assets to satisfy its obligations to Adams Bros., and is dissipating PACA trust assets.

15. Based on my personal experience, it appears that Danny's Produce has and is continuing to dissipate the PACA trust to the point that Danny's Produce is unable to satisfy not only the amounts owed to Adams Bros., but also the claims of other similarly situated PACA trust claimants who may be unaware of the dissipated condition of the PACA trust. Thus, unless Danny's Produce is forced to satisfy its non-Produce debt and other operating expenses out of its profit margin and not by dipping into the PACA trust assets, Danny's Produce will continue to aggravate the situation through further dissipation of the PACA trust.

16. Based on my experience in the collection of Produce related receivables, I have found that when a situation has deteriorated to this extent, it inevitably leads to the liquidation of the entity charged with maintaining the PACA trust. My experience has also proven such dissipation will undoubtedly continue

*Affidavit of Carl Adams, III In Support of Motion For Temporary Restraining Order*

until any hope of recovery is lost, thereby rendering the trust protection under the PACA a meaningless formality.

I declare, under penalty of perjury as set forth in 28 U.S.C. § 1746, the foregoing statements to be true and correct.

_____
Carl Adams, III

STATE OF ALABAMA       )
                       ) ss:
COUNTY OF JEFFERSON    )

SWORN TO AND SUBSCRIBED before me this 22nd day of March, 2006 by Carl Adams, III, President and Treasurer and authorized representative of Adams Bros. Produce Co., Inc., and who: *(notary must check applicable box)*

☑ Is personally known to me

☑ Produced a current drivers license for identification
    State __AL__   Number __2607634__

☐ Produced _____ as identification

My Commission Expires:

5/19/07

_Preston McCombs_
Notary Public, State of Alabama
__PRESTON McCOMBS__
Notary Public (Print Name)