UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

RECEIVED
2006 MAR 24 A 10: 55

| | |
|---|---|
| ADAMS BROS. PRODUCE CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE; and LENA FREEMAN, an individual, <br><br> Defendants. | Case No.: <br><br> CERTIFICATION OF COUNSEL AS TO WHY NOTICE IS NOT REQUIRED PURSUANT TO RULE 65(b) <br><br> 1:06CV269-T |

The undersigned represents Plaintiff in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c).

Notice of Plaintiff's Motion for an Ex Parte Temporary Restraining Order should not be required because notice will afford Defendant Danny Clinton Freeman d/b/a Danny's Produce ("Danny's Produce") an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiff, who is a PACA trust creditor of Defendant.

Defendant Danny's Produce is under a statutory duty to pay promptly for produce from the trust established by statute. **Defendant has failed to pay**. In addition:

- a) Plaintiff has not been paid for $39,597.95 worth of produce that it sold to Defendant Danny's Produce. *See* Affidavit of Carl Adams, III, ¶9 filed contemporaneously herewith.

- b) The Defendant has failed to tender any payment since November of 2005. *Id.*, at 11.

- c) The Debtor has told that Plaintiff that, although he wants to pay, financial difficulties, including a divorce, prevent him from tendering payment to Adams Brothers. *Id.* at ¶¶12, 13.

Page 1

All of this evidence indicates that the Defendant is experiencing serious financial problems.

Therefore, advising Defendant of the pendency of this Motion will allow Defendant the opportunity to make payments on non-trust debts with trust assets in order to avoid serious personal liabilities, e.g. criminal liability for failure to pay withholding taxes, or civil liabilities. Once the trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *See also J.R. Brooks & Son. Inc. v. Norman's Country Market. Inc*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of an Ex-Parte Temporary Restraining Order guarantees the performance of this statutory duty, and prevents further dissipation pending a further hearing, which can be set as soon as possible.

Respectfully submitted this 24th day of March, 2006.

| | |
|---|---|
| OF COUNSEL:<br>**MEUERS LAW FIRM, P.L.**<br>Katy L. Koestner, Esq.<br>Florida Bar No. 0159484/Illinois Bar No. 6270092<br>5395 Park Central Court<br>Naples, Florida  34109<br>Telephone: (239) 513-9191<br>Facsimile:  (239) 513-9677<br>kkoestner@meuerslawfirm.com | **CAPELL & HOWARD, PC**<br>By: _/s/ Christopher W. Weller_<br>Christopher W. Weller, Esq. (WEL030)<br>150 South Perry Street (36104)<br>Post Office Box 2069<br>Montgomery, Alabama 36102<br>Telephone:  (334) 241-8066<br>Facsimile:  (334) 241-8266<br>cww@chlaw.com |