RECEIVED
2006 MAY 24 A 10: 41

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | | |
|---|---|---|
| ADAMS BROS. PRODUCE CO., INC. | } | CIVIL FILE No.: |
| Plaintiff, | } | 06-cv-269 MHT |
| and | } | |
| GENERAL PRODUCE, INC., | } | |
| Intervenor-Plaintiff | } | |
| vs. | } | |
| DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE, and LENA FREEMAN, an individual, | } } } | |
| Defendants. | } | |

**INTERVENOR-PLAINTIFF GENERAL PRODUCE, INC.'S
MOTION TO INTERVENE**

COMES NOW GENERAL PRODUCE, INC., Plaintiff-Intervenor ("GENERAL" or "Intervenor-Plaintiff") pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and hereby moves that it be permitted to intervene of right in the above-captioned action for the reasons set forth below and in the accompanying Memorandum of Law:

1.  The Intervenor-Plaintiff asserts an interest as federal statutory trust beneficiary under the Perishable Agricultural Commodities Act, 1930,

7 U.S.C. §§ 499(a) – 499(o) (as amended)(the "PACA"), in and to certain foods, including statutory trust assets (the "PACA trust assets") recovered in the above-captioned case. See proposed Complaint in Intervention, attached as Exhibit "A."

2. The Intervenor-Plaintiff claims an interest in the same property as the original Plaintiff, ADAMS BROS. PRODUCE CO., INC. and any other subsequent intervening plaintiffs, being PACA trust assets. In order to protect their right to this same body of assets, the Intervenor-Plaintiff must intervene.

3. This Motion is made in part pursuant to the Court's order of March 24, 2006 finding that dissipation of PACA trust assets will irreparably harm the original Plaintiff <u>and other PACA trust creditors</u>.

4. The Intervenor-Plaintiff is so situated that the disposition of this action may, as a practical matter, impair or impede the Intervenor-Plaintiff's ability to protect its interest as a PACA trust beneficiary in the property that is the subject of this action.

5. The Intervenor-Plaintiff's ability to protect its interest as a PACA trust claimant against the Defendant is not adequately protected by the existing Plaintiff.

6. The Intervenor-Plaintiff's intervention will not prejudice the other parties since all PACA trust creditors must share the trust assets on a pro-rata basis. See Frio Ice, S.A. v. Sun Fruit, Inc., 918 F2d 154 (11th Cir. 1990); In re: Milton Poulos, Inc., 107 Bankr. 715, 718 (B.A.P. 9th Cir. 1989), Aff'd in pertinent part, 947 F2d 1351 (9th Cir. 1991).

7. In further support of this Motion, the Intervenor-Plaintiff submits its Memorandum of Law.

FOR THE REASONS given, the Intervenor-Plaintiff respectfully requests this Court to grant it leave to intervene, file its Complaint in Intervention, and for such other and further relief as this Court deems appropriate upon consideration of this matter.

Respectfully Submitted,

MOULTON & TARRER, LLC

L. Wayne Moulton
GA Bar Number: 527200
Attorney for Intervenor-Plaintiff
GENERAL PRODUCE, INC.

925 Railroad Street
Conyers GA 30012
(770) 483-4406
FAX: (770) 388-9201