IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

RECEIVED
2006 MAY 24  A 10: 40

| | | |
|---|---|---|
| ADAMS BROS. PRODUCE CO., INC. | } | CIVIL FILE No.: |
| Plaintiff, | } | 06-cv-269 MHT |
| and | } | |
| GENERAL PRODUCE, INC., | } | |
| Intervenor-Plaintiff | } | |
| vs. | } | |
| DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE, and LENA FREEMAN, an individual, | } } } | |
| Defendants. | } | |

## INTERVENOR-PLAINTIFF GENERAL PRODUCE, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

COMES NOW GENERAL PRODUCE, INC., INTERVENOR-PLAINTIFF ("GENERAL" or "Intervenor-Plaintiff"), a trust beneficiary under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499(o)(as amended)(the "PACA"), of Defendants DANNY CLINTON FREEMAN d/b/a DANNY's PRODUCE and LENA FREEMAN (collectively "Defendants"), and moves to intervene as plaintiff in the above action. The Intervenor-Plaintiff is an unpaid trust creditor of the Defendants

in the aggregate amount of $43,248.14, plus interest and attorneys fees all of which is protected by the PACA trust.

The Intervenor-Plaintiff is a trust beneficiary under the PACA, and properly and timely served its invoices upon the Defendants, which included the statutory trust language required under the PACA amendments of 1995. The Intervenor-Plaintiff claims an interest as a beneficiary in PACA trust assets that are being held by or are in the possession or control of the Defendants and which are the subject of this action. See, eg., Calvert Fire Ins. Co. vs. Environs Development Corp., 601 F.2nd 851 (5th Cir. 1979); Lalic v. Chicago B. & P.R. Co., 263 F. Supp. 987 (N.D. Ill. 1967). The Courts have consistently held that all PACA creditors are entitled to pro-rata distributions of trust assets. In re: Milton Poulos, Inc., 107 B.R. 715 (9th Cir. B.A.P. 1989); In re: United Fruit & Produce, 86 B.R. 14 (Bankr.D.Conn.1988).

Since all PACA trust creditors are entitled to their pro-rata distribution of the trust assets, they must be joined pursuant to Federal Rules of Civil Procedure 19(a) because, in their absence, complete relief cannot be recorded among those already parties to the action. The District Court in this case has approved a Stipulation in its Order of April 14, 2006 affording relief to the Plaintiff and allowing the use of trust assets in payment of the

Plaintiff's PACA claim. The claim of the Plaintiff-Intervenor is entitled to the same dignity as that of the Plaintiff.

All PACA trust creditors of the Defendants have a right to join as Plaintiffs pursuant to Federal Rules of Civil Procedure 24(a) in that they have an interest relating to the property which is the subject of this action. In part, Rule 24(a) permits a party to intervene as a matter of right as follows:

> Upon timely application, anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a). The above-cited rule should be liberally construed. Any doubts are to be resolved in favor of the applicant. See <u>Miller v. Amusement Enterprises, Inc.</u>, 426 F.2d 534 (5th Cir. 1980); <u>Kozac v. Wells</u>, 278 F2d. 104 (8th Cir. 1960).

The effective and efficient administration of justice requires that all persons claiming to be a PACA trust creditor join this action. Since all PACA trust creditors are entitle to their pro-rata distribution of the PACA trust assets, those already a party to the action cannot settle their claims or disburse any trust assets without addressing the rights of all their co-trust

beneficiaries. The Intervenor-Plaintiff is so situated that the disposition of this action will impair its ability to protect its interests.

For the Foregoing reasons, the Intervenor-Plaintiff respectfully requests that it be allowed to intervene in the above-captioned matter.

Respectfully Submitted,

MOULTON & TARRER, LLC

_____
J. Wayne Moulton
GA Bar Number: 527200
Attorney for Intervenor-Plaintiff
GENERAL PRODUCE, INC.

925 Railroad Street
Conyers GA 30012
(770) 483-4406
FAX: (770) 388-9201