RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | | |
|---|---|---|
| ADAMS BROS. PRODUCE CO., INC. | } | CIVIL FILE No.: |
| Intervenor-Plaintiff, | } | 06-cv-269 MHT |
| and | } | |
| GENERAL PRODUCE, INC., | } | |
| Intervenor-Plaintiff | } | |
| vs. | } | |
| DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE, and LENA FREEMAN, an individual, | } } } | |
| Defendants. | } | |

## COMPLAINT IN INTERVENTION

For its complaint in intervention, Intervenor-Plaintiff respectfully states as
follows:

### A.    THE PARTIES

1. Intervenor-Intervenor-Plaintiff is GENERAL PRODUCE, INC., a Georgia
corporation located at State Farmers Market, 16 Forest Parkway, Forest Park, Georgia
30297.

2.    Intervenor-Plaintiff is engaged in the business of buying and selling

SCANNED

wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce, and is a dealer subject to, and licensed under the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA") as a dealer and commission merchant.

3.    The Defendants are DANNY FREEMAN, individually and d/b/a DANNY'S PRODUCE, a sole proprietorship, and LENA FREEMAN located at (address redacted in compliance with General Order 2:04mc3228) Slocomb, Geneva County, Alabama 36375-5338.

4. The Defendants are engaged in buying and selling fresh produce in wholesale lots.

5. The Defendants at all times pertinent herein, were dealers and commission merchants and subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA") as a dealer and commission merchant.

## B.    JURISDICTION AND VENUE

6.    The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Intervenor-Plaintiffs other claims pursuant to 28 U.S.C. §1367(a).

7. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Intervenor-Plaintiffs' claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## C.    GENERAL ALLEGATIONS

8. This action is brought to enforce the trust provisions of Section 5 of PACA, 7 U.S.C. §499e(c).

9.    Intervenor-Plaintiff sold to Defendants in interstate commerce, and Defendants purchased from Intervenor-Plaintiff, produce in accordance with the invoices referred to in the Affidavit of WILLARD C. HARRISON, III attached hereto as Exhibit "A" and incorporated herein by reference.

10. Intervenor-Plaintiff delivered the produce to Defendants and Defendants accepted the produce from Intervenor-Plaintiff.

11. Defendants failed to pay for this produce despite Intervenor-Plaintiff's repeated demands.

12. Pursuant to PACA 7 U.S.C. §499e(c), Intervenor-Plaintiff is a beneficiary of a statutory trust res designed as a fund from which it can be assured payment.    3 Pursuant to PACA 7 U.S.C. §499e(c), at the time of Defendants' receipt of the Produce, Intervenor-Plaintiff became beneficiary in the PACA trust in the amount of

the unpaid balance $43,248.14. The PACA trust assets consist of all Defendants'

produce or produce-related assets, including all funds commingled with funds from

other sources and all assets procured by such funds, in the possession or control of the

Defendants since the creation of the trust ("PACA Trust Assets").

14. Intervenor-Plaintiff gave written notices of intent to preserve trust benefits

to Defendants in accordance with the PACA Amendments of 1995 by including the

statutory trust language, as set forth in 7 U.S.C. §499e(c)(4) on each of its invoices and

sending those invoices to the Defendants, see Exhibit "A".

15. Intervenor-Plaintiff is a creditor, supplier and seller of Produce as those

terms are defined under the PACA and within the meaning of 7 U.S.C. §499e(c).

### D.    CLAIMS FOR RELIEF
### COUNT I.
### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. §499e(c)

16. Intervenor-Plaintiff re-alleges paragraphs 1 through 15 as if restated herein.

17. Defendants are in possession, custody and control of PACA trust assets for

the benefit of Intervenor-Plaintiff.

18. Defendants failed to pay Intervenor-Plaintiff from the PACA trust assets for

the shipments of Produce shown in Exhibit "A".

19. Defendants failed to maintain sufficient trust assets to fully satisfy all

qualified PACA trust claims such as the Intervenor-Plaintiff's unpaid claims asserted in this action.

20. As a direct result of Defendants' failure to properly protect the PACA trust assets from dissipation, Intervenor-Plaintiff suffered damages which are covered under the PACA trust in the amount of $43,248.14., plus interest from the date each invoice became past due.

21. Intervenor-Plaintiff seeks the entry of an Order directing Defendants to immediately turn over to the Intervenor-Plaintiff, as beneficiaries of this trust, an amount of the PACA trust res equal to the sum of $43,248.14., plus interest, costs and attorneys fees.

## COUNT II.
### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST ASSETS
### 7 U.S.C. §499b(4) and 7 U.S.C. §499e(c)(2)

22. Intervenor-Plaintiff re-alleges paragraphs 1 through 21 as if restated herein.

23. Defendants received each of the shipments of Produce identified in Exhibit "A".

24. Defendants failed to pay these invoices within payment terms.

25. As a direct result of Defendants' failure to pay for each invoice within terms, the Intervenor-Plaintiff has incurred damages in the amount of $43,248.14.

26. PACA requires all commission merchants, dealers, or brokers, who, during the course of a transaction, receive produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of receivables, to hold such produce, products, or receivables in trust for the benefit of the unpaid supplier until payment for the transaction has been made to the unpaid supplier in full.

27. Defendants have failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as Intervenor-Plaintiff's unpaid claims asserted in this action.

28. As a direct result of Defendants' failure to properly maintain and protect the PACA trust assets from dissipation, Intervenor-Plaintiff has suffered damages which are covered under the PACA trust in the amount of $43,248.14., plus interest from the date each invoice became past due, and attorneys fees.

29. Intervenor-Plaintiff seeks entry of an Order directing Defendants to immediately turnover to the Intervenor-Plaintiff, as beneficiary of this trust, or to an escrow agent designated by the Court, an amount of the PACA trust res equal to the sum of $43,248.14, so as to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims, plus interest, attorneys' fees and costs.

## COUNT III
## BREACH OF CONTRACT

30. Intervenor-Plaintiff re-alleges paragraphs 1 through 29 as if restated herein.

31. Intervenor-Plaintiff and Defendants entered into contracts under which Intervenor-Plaintiff agreed to sell the Produce and Defendants agreed to purchase the Produce, in accordance with the invoices included in Exhibit "A".

32. Defendants failed to pay for each shipment of Produce in the aggregate amount of $43,248.14.

33. Intervenor-Plaintiff seeks entry of an Order directing Defendants to immediately pay the sum of $43,248.14, plus interest, attorney's fees and costs to Intervenor-Plaintiff.

## COUNT IV
## AS TO THE PRINCIPALS DANNY FREEMAN AND LENA FREEMAN -
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

33. Intervenor-Plaintiff re-alleges paragraphs 1 through 33 as if restated herein.

34. At all times relevant to this action, the Principal was the sole proprietor of DANNY'S PRODUCE. The Principal is responsibly connected to DANNY'S PRODUCE within the meaning of 7 U.S.C. §499a(b)(9) of PACA.

35. The Principal controlled, or had a duty to control, the Defendant's operations and financial dealings, including those involving the PACA trust assets.

The Principal had full knowledge and responsibility for the handling of Defendant's duties as trustee of the PACA trust.

36. As the Principal of Defendant, DANNY FREEMAN had a duty to ensure Defendant fulfilled its duty as PACA trustee and maintained the trust assets in such a manner as to ensure there were, at all times, sufficient trusts assets to satisfy all outstanding PACA trust obligations such as that owed to Intervenor-Plaintiff.

37. Defendant breached its fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims.

38. The Principal breached his fiduciary duty to direct Defendant to fulfill its statutory trustee duties to preserve and maintain sufficient PACA trust assets to pay Intervenor-Plaintiff for the produce it supplied to Defendant.

39. The Principal continues to hold any and all PACA Trust assets having come into his individual possession as trustee for Intervenor-Plaintiff's beneficial interest in the PACA Trust.

40. The Principal is personally liable to Intervenor-Plaintiff for his breach of fiduciary duty in dissipating the PACA trust to the extent of $43,248.14, plus interest, costs and attorney's fees.

41. Accordingly, the Intervenor-Plaintiff seeks entry of an Order directing the Principal to pay the sum of $43,248.14, less and monies Intervenor-Plaintiff receives

from the PACA trust, plus interest, costs and attorney's fees, to be satisfied from the Principal's personal assets.

## COUNT V
### DEFENDANT DANNY'S PRODUCE
### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

42. Intervenor-Plaintiff re-alleges paragraphs 1 through 41 as if stated herein.

43. Upon information and belief, the Defendant converted PACA trust assets to his personal use.

44. These transfers of PACA Trust Assets were made in breach of the PACA trust.

45. The Defendant continues to hold any and all PACA Trust Assets having come into his individual possession as trustee for Intervenor-Plaintiff's beneficial interest in the PACA Trust.

46. As a direct result of the Defendant's receipt and retention of PACA Trust Assets, the Intervenor-Plaintiff has incurred damages in the amount of $43,268.14, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets.

47. Accordingly, Intervenor-Plaintiff seeks entry of an Order requiring the Defendant to disgorge and transfer any and all PACA Trust Assets that come into his

possession and control to Intervenor-Plaintiff to the extent of $43,268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets.

## COUNT VI
### DEFENDANT DANNY'S PRODUCE
### FRAUDULENT TRANSFER
### Code of Ala. §8-9A-1 et. seq. (2005)

48. Intervenor-Plaintiff re-alleges paragraphs 1 through 47 as if stated herein.

49. Upon information and belief DANNY'S PRODUCE transferred its assets to the DANNY FREEMAN and to other unknown third parties.

50. These transfers were made after the claims of Intervenor-Plaintiff and other PACA trust beneficiaries' arose.

51. These transfers were made to or for the benefit of insiders of DANNY'S PRODUCE on antecedent debts and were made without consideration.

52. DANNY'S PRODUCE was insolvent at the time of these transfers.

53. At the time of these transfers, the recipients had reasonable cause to believe that DANNY'S PRODUCE was insolvent.

54. These transfers were fraudulent transfers as proscribed by Alabama's Uniform Fraudulent Transfers Act, Code of Ala. §8-9A-1 et. seq. (2005).

55. Accordingly, Intervenor-Plaintiff seeks entry of an Order, as provided by Code of Ala. §8-9A-7, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $43,268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**COUNT VII**
**DEFENDANT LENA FREEMAN**
**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST**
**ASSETS**

56. Intervenor-Plaintiff re-alleges paragraphs 1 through 55 as if stated herein.

57. Upon information and belief DANNY'S PRODUCE transferred PACA Trust Assets to Defendant LENA FREEMAN and others.

58. These transfers of PACA Trust Assets were made in breach of the PACA trust.

59. Defendant LENA FREEMAN continues to hold PACA Trust Assets having come into her possession as trustee for Intervenor-Plaintiff's beneficial interest in the PACA Trust.

60. As a direct result of Defendant LENA FREEMAN'S receipt and retention of PACA Trust Assets, Intervenor-Plaintiff has incurred damages in the amount of

$43,268.14, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets.

61. Accordingly, Intervenor-Plaintiff seeks entry of an Order requiring Defendant LENA FREEMAN to disgorge and transfer any and all PACA Trust Assets that come into her possession and control to Intervenor-Plaintiff to the extent of $43,268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Intervenor-Plaintiff respectfully request the entry of an Order providing as follows:

A) Declaring the DANNY FREEMAN individually and d/b/a DANNY'S PRODUCE and LENA FREEMAN to be holding the above described PACA trust assets as Trustees for the sole and exclusive benefit of Intervenor-Plaintiff and other qualified PACA trust beneficiaries;

B) Directing the DANNY FREEMAN individually and d/b/a DANNY'S PRODUCE and LENA FREEMAN to assign, transfer, deliver and turn over to Intervenor-Plaintiff, or its designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to

replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

C)    As to Counts I, II and III, entering a Final Judgment in favor of Intervenor-Plaintiff and against DANNY FREEMAN individually and d/b/a DANNY'S PRODUCE and LENA FREEMAN, in the amount of $43,248.14, plus pre-judgment and post-judgment interest, costs and attorneys' fees;

D)    As to Count IV, entering a Final Judgment in favor of Intervenor-Plaintiff and against DANNY FREEMAN individually and d/b/a DANNY'S PRODUCE and LENA FREEMAN, jointly and severally, in the amount of $43,248.14, plus pre-judgment and post-judgment interest, costs and attorneys' fees, with a corresponding reduction for the amount of any payment received upon Counts I, II or III of this Complaint; and

E) Requiring the Defendants to disgorge and transfer any and all PACA Trust Assets that came into his possession and control to Intervenor-Plaintiff in the amount of $43,268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets;

F) As to Count VI, pursuant to Code of Ala. §8-9A-7, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in

the amount of $43.268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets;

G) As to Count VII, requiring the Defendant LENA FREEMAN to disgorge and transfer any and all PACA Trust Assets that came into her possession and control to Intervenor-Plaintiff in the amount of $43,268.14, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Intervenor-Plaintiff receives from the PACA Trust Assets; and

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

I)    Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 23rd day of May, 2006.

MOULTON & TARRER, LLC
ATTORNEYS AT LAW

By: 

L. Wayne Moulton
Georgia State Bar No. 527200
Attorney for Intervenor-Plaintiff

925 Railroad Street
Conyers, GA   30012
Telephone:  (770) 483-4406
Facsimile: (770) 388-9201
wayne@moultonfirm.com

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

2006 MAY 24  A  10: 4 1

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ADAMS BROS. PRODUCE CO., INC. | } | CIVIL FILE No.: |
|     Intervenor-Plaintiff, | } | 06-cv-269 MHT |
|     and | } | |
| GENERAL PRODUCE, INC., | } | |
|     Intervenor-Plaintiff | } | |
|     vs. | } | |
| DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE, and LENA FREEMAN, an individual, | }<br>}<br>} | |
|     Defendants. | } | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the Plaintiff and the opposing parties with a copy of the foregoing:

A.  Motion for Leave to Intervene.

B.  Memorandum in Support of Motion for Leave to Intervene.

C.  Complaint in Intervention.

D.  Motion for Admission of J. Wayne Moulton *pro hac vice*.

by depositing in the United States Mail a copy of the same in a properly addressed

envelope with adequate postage thereon to:

MEUERS LAW FIRM, P.L.
Katy L. Koestner, Esq.
5395 Park Central Court
Naples, Florida 34109

Christopher W. Weller, Esq.
Capell & Howard, PC
150 South Perry Street
P. O. Box 2069
Montgomery, AL 36102

Danny's Produce
706 W. Lawrence Harris Highway
Slocomb, Alabama 36375-5338

Danny Freeman
Lena Freeman
street address redacted in accordance with General Order 2:04mc3228
Slocomb, Alabama

This the 23rd day of May, 2006.

J. Wayne Moulton

inevitably leads to the liquidation of the entity charged with maintaining the PACA trust. My experience has also proven such dissipation will undoubtedly continue until any hope of recovery is lost, thereby rendering the trust protection under the PACA a meaningless formality.

**I declare, under penalty of perjury as set forth in 28 U.S.C. § 1746, the foregoing statements to be true and correct.**

GENERAL PRODUCE, INC.

BY:

BY:    WILLARD C. HARRISON, III
Vice President

Sworn to me this ___19th___ day of May, 2006.

SEAL:

Notary Public

