IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DOTHAN DIVISION

| | | |
|---|---|---|
| ADAMS BROS. PRODUCE CO., INC. | } | CIVIL FILE No.: |
| Intervenor-Plaintiff, | } | 06-cv-269 MHT |
| and | } | |
| GENERAL PRODUCE, INC., | } | |
| Intervenor-Plaintiff | } | |
| vs. | } | |
| DANNY CLINTON FREEMAN d/b/a DANNY'S PRODUCE, and LENA FREEMAN, an individual, | } } } | |
| Defendants. | } | |

### AFFIDAVIT OF WILLARD C. HARRISON, III

WILLARD C. HARRISON, III, being duly sworn, deposes and says as follows:

1. I am vice-president of GENERAL PRODUCE, INC. ("GENERAL") and, in such capacity, file this Affidavit in support of Plaintiff's Motion for Temporary Restraining Order ("TRO") against Defendant DANNY FREEMAN individually and d/b/a DANNY'S PRODUCE

2. I am authorized to make this Affidavit and am competent to testify at trial regarding the statements made in this Affidavit.

3. Plaintiff, GENERAL, seeks a Temporary Restraining Order ("TRO") in this matter to

1

Exhibit A

preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q, as amended (1984 & Supp. 1995) (the "PACA"). The PACA trust assets are now in the Defendant's possession and control.

## ACCOUNT HISTORY

4. GENERAL is a PACA licensee (PACA License No. 19185408).

5. GENERAL sold perishable agricultural commodities ( "produce") to Defendant as described in the Statement included with Exhibit "A" to the Complaint filed herein, which Exhibit "A" is incorporated herein by reference. As reflected on the Statement, Defendant received and accepted the produce, and no adjustments have been made on the invoice amounts except as listed. The statement uses the following terms, which shall have the following described meaning:

A. **CUSTOMER NAME** is the name of Customer.

B. **INVOICE** refers to the invoice number used by GENERAL.

C. **DATE is the date of delivery.**

D. **"TP"** is an internal code indicating Invoice (IV), payment (PY), adjustment (AJ) and Credit (CM).

E. **DUE** is the date the invoice came due.

F. **BALANCE** is the amount of each invoice or credit, and the total balance due on the date of the statement.

G. In this case the adjustment (AJ) was for a bad check in the amount of $6,117.07.

The difference between the invoice amounts and the credits is the unpaid amount. The bottom

2

of the columns in the "Current" and "Late" sections of the report state the entire principal amount due, exclusive of interest and attorney's fees. Also included in Exhibit "A" are true and accurate copies of all the signed invoice/delivery receipts which contained the statutory trust language.

7. Each invoice was properly addressed and delivered to the Defendant in the due course of business as indicated on each invoice included with Exhibit "A."

8. The produce GENERAL sold to Defendant consisted of various fresh fruits and vegetables, all of which were shipped in interstate commerce and, accordingly, subject to the provisions of the PACA.

9. The Defendant has not paid the invoices and is out of trust in the amount of $43,248.14, plus interest and attorneys fees and, upon information and belief, the Defendant does not have sufficient funds to fully satisfy GENERAL's PACA trust claim in full, as required under the PACA. This dissipation of the trust is most commonly due to Defendant's diversion of the PACA trust assets to the claims of other creditors which are subordinate to the PACA trust claims such as GENERAL'S or to the Defendant's personal use.

10. DANNY FREEMAN is the owner of DANNY'S PRODUCE and is the person in control of the company's assets. DANNY FREEMAN has failed to manage the company in a manner consistent with the PACA.

11. GENERAL has called the Defendant to discuss the late payment, but despite these conversations, Defendant has not made payment.

12. Based on my past experience in the collection of produce related receivables, I have found

3